IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OTIS MICHAEL BRIDGEFORTH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 13-1997-GMS |
| | ) |
| UNLICENSED DELAWARE | ) |
| TECHNICAL AND COMMUNITY | ) |
| COLLEGE TEACHERS, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM**

The plaintiff, Otis Michael Bridgeforth ("Bridgeforth"), filed this lawsuit alleging discrimination pursuant to 15 U.S.C. § 13, "Civil Rights 448 Education," and 42 U.S.C. § 1983. (D.I. 2.) He appears *pro se* and was granted permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (D.I. 4.) The court proceeds to review and screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I. BACKGROUND**

Bridgeforth, a student at Delaware Technical Community College ("DelTech") in Wilmington, Delaware, started classes on August 26, 2013. He alleges that the defendants, in their official capacities, agreed to discriminate against him by reason of race, color, sex, and religion, in violation of his civil rights. Bridgeforth alleges that he was denied student loans "while in deferment," and that he was unfairly graded by the defendants even though he submitted excellent work. Bridgeforth alleges that the "factual antitrust acts and malfeasance" began the day he started classes and continue to present. He seeks one hundred million dollars in

damages, and injunctive relief (i.e., removing the instructors from campus, tuition reimbursement, and "automatic excellent mark on report card 'A' and college transcript").

## II. STANDARD OF REVIEW

This court must dismiss, at the earliest practicable time, certain *in forma pauperis* and actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Bridgeforth proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6)

2

standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant Bridgeforth leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court must take three steps: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluat[e] whether all of the elements identified in part one of the inquiry are sufficiently alleged." *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

### III. DISCUSSION

#### A. 42 U.S.C. § 1983

Bridgeforth filed his complaint pursuant to 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42,

48 (1988). Here, Bridgeforth appears to alleges that the defendants, all instructors at DelTech, discriminated against him on the basis of his race, color, sex, and religion, when they "unfairly graded" his work.

Initially the court notes that Bridgeforth relies upon "Civil Right 448 education" in reference to a discrimination claim. This wording is taken from the court's civil cover sheet and does not reference any particular statute. Therefore, the court does not consider any potential claim under "Civil Right 448 education."

A review of the complaint reveals that it does not reference Bridgeforth's race, color, sex, and religion, although by the name, it appears that Bridgeforth is a male. In addition, it is far from clear that any of the named individuals are state actors.[1] To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. Moreover, other than generalities, the complaint provides no facts to support Bridgeforth's claims. Indeed, none of the instructors are mentioned by name in the complaint, although their names appear in some emails authored by Bridgeforth and in printouts identifying them as instructors in exhibits

---

[1] The complaint indicates that the defendants are sued in their official capacities. "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (internal citations omitted); *Ali v Howard*, 353 F. App'x 667, 672 (3d Cir. 2009). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984); *Edelman v. Jordan*, 415 U.S. 651 (1974) Accordingly, § 1983 claims for monetary damages against a state official in his official capacity are barred by the Eleventh Amendment. *See id.* However, the Eleventh Amendment permits suits for prospective injunctive relief against state officials acting in violation of federal law. *See Ex parte Young*, 209 U.S. 123 (1908). "This standard allows courts to order prospective relief, as well as measures ancillary to appropriate prospective relief." *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (internal citations omitted).

attached to the complaint. A civil rights complaint must state the conduct, time, place, and persons responsible for the alleged civil rights violations. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (citing *Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980); *Hall v. Pennsylvania State Police*, 570 F.2d 86, 89 (3d Cir. 1978)). The complaint is deficient in that regard.

Finally, to the extent that Bridgeforth attempts to raise claims for Equal Protection violations, the complaint asserts blanket, non-specific allegations that he was treated differently (*i.e.*, received lower grades) because of his race, color, sex, and religion. There are no specific allegations illustrating how Bridgeforth was treated differently than those similarly situated. Accordingly, the Equal Protection claims fail. *See Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005) (in order to bring a successful § 1983 claim for denial of Equal Protection, a plaintiff must show that she received different treatment than other similarly situated individuals).

Accordingly, the court will dismiss the § 1983 claims as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Because it appears that Bridgeforth may be able to cure his pleading deficiencies, he will be given leave to amend the discrimination claims.

**B.    15 U.S.C. § 13**

Bridgeforth invokes 15 U.S.C. § 13, the Robinson-Patman Act anti-trust law, in an attempt to raise a claim for denial of student loans.[2] The Robinson-Patman Act, which amended

---

[2]The court takes judicial notice that Bridgeforth filed a previous case regarding his default of student loans. *See Bridgeforth v American Education Services*, Consolidated Civ. No. 10-164-GMS (D. Del.)

the Clayton Act, prohibits price discrimination "where the effect of such discrimination may be substantially to lessen competition or tend to create a monopoly." 15 U.S.C. § 13(a). "In order to state a claim under the Robinson-Patman Act, a plaintiff must allege facts to demonstrate that (1) the defendant made at least two contemporary sales of the same commodity at different prices to different purchasers; and (2) the effect of such discrimination was to injure competition." *Crossroads Congeneration Corp. v. Orange & Rockland Utilities, Inc.*, 159 F.3d 129, 142 (3d Cir. 1998) (citing *Brooke Group Ltd. v. Brown & Williamson Tobacco Corp.*, 509 U.S. 209, 219-27 (1993)).

It is clear, even from a generous reading of the statute, that Bridgeforth's claim does not arise under any section of 15 U.S.C. § 13. Therefore, the court will dismiss the 15 U.S.C. § 13 claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## IV. CONCLUSION

For the above reasons, the court will dismiss the 15 U.S.C. § 13 claims as frivolous as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), and will dismiss the 42 U.S.C. § 1983 claims as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Bridgeforth will be given leave to amend his 42 U.S.C. § 1983 claim.

An appropriate order will be entered.

_March 24_, 2014
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE